**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHIE ENTERPRISES, LLC d/b/a )<br>RICHIE PHARMACAL )<br>119 State Avenue )<br>Glasgow, Kentucky 42141 )<br> )<br>      *Plaintiff,* )<br> )<br>  *v.* )<br> )<br>PAMELA JO BONDI, in her official capacity )<br>as Attorney General of the United States, )<br>950 Pennsylvania Avenue, NW )<br>Washington DC 20530 )<br> )<br>THE UNITED STATES DEPARTMENT OF )<br>JUSTICE, )<br>950 Pennsylvania Avenue, NW )<br>Washington, D.C. 20530 )<br> )<br>TERRANCE C. COLE, in his official )<br>capacity as Administrator of the U.S. Drug )<br>Enforcement Administration, )<br>600 Army Navy Drive )<br>Arlington, VA 22202 )<br> )<br>THE UNITED STATES DRUG )<br>ENFORCEMENT ADMINISTRATION, )<br>600 Army Navy Drive )<br>Arlington, VA 22202 )<br> )<br>     *Defendants.* ) | Civil Action No. 26-cv-1085 |

**<u>COMPLAINT</u>**

Plaintiff Richie Enterprises LLC d/b/a Richie Pharmacal ("Richie") brings this

Complaint against Defendants Pamela Jo Bondi, in her official capacity as Attorney

General of the United States, the United States Department of Justice ("DOJ"),

1

Terrance C. Cole, in his official capacity as Administrator of the Drug Enforcement Administration (the "DEA Administrator"), and the United States Drug Enforcement Administration ("DEA") (collectively, "Defendants").  In support thereof, Richie alleges as follows:

## INTRODUCTION

1.     Richie is a small independent wholesale drug distributor located in Glasgow, Kentucky.  For over fifty years, Richie has been registered with the DEA as a distributor, most recently under Certificate of Registration ("COR") RR0355683, which authorizes Richie to purchase, store, and sell controlled substances.

2.     On January 30, 2026, DEA issued an Immediate Suspension Order ("ISO")—signed by the DEA Administrator—that immediately suspended Richie's COR and authorized DEA to seize Richie's controlled substance inventory, COR, and order forms.  An ISO is an extraordinary measure, and the Attorney General may only issue an ISO where she—or her designee—finds there is an "imminent danger to the public health or safety."  21 U.S.C. § 824(d)(1).  The ISO against Richie—issued without warning and without an opportunity to be heard—is without basis in fact and law, and it has abruptly halted Richie's ability to distribute controlled substances, threatening the existence of the company.

3.     On February 10, 2026—eleven days after the DEA Administrator signed the ISO—DEA finally served the ISO on Richie and seized Richie's COR and controlled substance inventory.  Simultaneously with the ISO, DEA served Richie

with an Order to Show Cause ("OSC") proposing to permanently revoke Richie's already-suspended COR and offering Richie the chance for a post-suspension hearing before a DEA administrative law judge ("ALJ").  The OSC set a hearing date of March 17, 2026, "or on such subsequent date designated by" the ALJ.

4.      On February 25, 2026, Richie promptly requested that a hearing be scheduled as soon as practically possible.  Despite the fact that DEA's own regulations require an expedited hearing, DEA has failed to set a hearing date and DEA has provided no notice that DEA has assigned an ALJ to hear this case some day in the future.

5.      Richie brings this action against Defendants under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, 701-706.  Specifically, Defendants acted arbitrarily and capriciously in issuing the ISO because Defendants failed to provide an adequate basis for revoking Richie's COR, including the ISO's finding that there is an "imminent danger to the public health or safety," and because Defendants failed to consider evidence contradicting their position in the ISO.

6.      Richie also brings this action against Defendants under the Fifth Amendment of the U.S. Constitution because Defendants have violated Richie's due process rights to a prompt post-suspension hearing.

7.      As such, Richie seeks temporary, preliminary, and permanent relief to enjoin Defendants from enforcing the arbitrary and capricious ISO during the pendency of the administrative proceedings related to the OSC.

## PARTIES

8.      Plaintiff Richie is an independent wholesale drug distributor located at 119 State Avenue, Glasgow, Kentucky 42141.  Until it was suspended without notice and seized by DEA, Richie maintained a COR, No. RR0355683, with DEA as a distributor.

9.      Defendant Pamela Jo Bondi is named in her official capacity as the Attorney General of the United States.  The Attorney General is the head of DOJ.  *See* 28 U.S.C. § 503.  Pursuant to 21 U.S.C. § 824(d), "The Attorney General may . . . suspend any registration simultaneously with the institution of proceedings under this section, in cases where [s]he finds that there is an imminent danger to the public health or safety."  The Attorney General's address is 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

10.      Defendant DOJ is an executive department of the United States.  *See* 5 U.S.C. § 101; 28 U.S.C. § 501.  DOJ is considered an agency of the government for the purposes of the APA.  *See* 5 U.S.C. § 701(b)(1).  DOJ is located at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

11.      Defendant Terrance C. Cole is named in his official capacity as the Administrator of DEA.  The authority to implement the regulations of the Controlled Substances Act ("CSA") has been delegated to the DEA Administrator by the Attorney General of the United States.  *See* 28 C.F.R. § 0.100.  The Administrator of the DEA reports to the Attorney General.  *See* 28 C.F.R. § 0.102.

4

The DEA Administrator's address, the DEA Headquarters, is located at 600 Army Navy Drive, Arlington, Virginia 22202.

12.     Defendant DEA is a component of DOJ and was created by Executive Order 11,727. *See* 38 Fed. Reg. 18357 (July 10, 1973). DEA is considered an agency of the government for the purposes of the APA. *See* 5 U.S.C. § 701(b)(1). DEA is located at 600 Army Navy Drive, Arlington, Virginia 22202.

## JURISDICTION AND VENUE

13.     This action arises under the Constitution of the United States, the CSA, and the APA.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court is authorized to issue the non-monetary relief sought herein pursuant to 5 U.S.C. §§ 702, 705, and 706.

15.     The CSA also grants the district court with jurisdiction to hear challenges and to dissolve an ISO. 21 U.S.C. § 824(d)(1); *Neil Labs., Inc. v. Ashcroft*, 217 F. Supp. 2d 80, 84 n.6 (D.D.C. 2002) ("This court agrees . . . that the plain language of the CSA signifies that a registrant subject to immediate suspension of registration may seek judicial review by a district court before a suspension order becomes final.").

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States, including the federal government agencies that reside and are governed by the authority of DOJ in this judicial district. Specifically, Defendants Pamela Bondi and DOJ reside

5

within this judicial district, and Defendants DEA Administrator and DEA act at the direction of, and pursuant to the delegation of authority by, the Attorney General and DOJ.

17.    An actual and justiciable controversy exists between Plaintiff and Defendants, and this matter is timely.

## STATUTORY AND REGULATORY BACKGROUND

18.    The CSA, 21 U.S.C §§ 801-904, regulates the manufacturing, distribution, prescribing, and dispensing of certain drugs referred to as "controlled substances.  In order to purchase, store, and distribute controlled substances, a distributor must maintain a COR issued by the Attorney General and DEA.  *See* 21 § U.S.C. 822.

19.    The CSA and its implementing regulations establish controls and restrictions on certain activities, including distribution of controlled substances. *See* 21 U.S.C. § 801 *et seq.*; 21 C.F.R. Part 1300 *et seq.*  DEA is tasked with enforcing the CSA in a balanced manner that prevents the diversion of controlled substances from legitimate channels while ensuring their availability for legitimate medical purposes.  76 Fed. Reg. 39318, 39318 (July 6, 2011).

20.    Pursuant to the CSA, and under authority delegated by the Attorney General, DEA and the DEA Administrator can revoke, restrict, or suspend a COR under various findings, including if the registrant has committed acts that render the registration inconsistent with the public interest.  21 U.S.C. § 824(a).

6

21.     Prior to revoking or restricting a DEA registration, DEA must generally follow procedures designed to provide a registrant with notice and an opportunity to be heard.  It must issue an OSC setting forth the basis for the agency's proposed action and providing the registrant with the opportunity to request a hearing.  *See id.* § 824(c).  At such a hearing, the government has the burden of proving by the preponderance of evidence that registration is inconsistent with the public interest.  21 C.F.R. § 1301.44(d).

22.     In extraordinary circumstances, DEA may issue an ISO of a COR without providing a registrant with prior notice or an opportunity to respond to the allegations against it, but only if the continued registration poses an "imminent danger" to the public health or safety.  The relevant statutory provision states:

> (1) The Attorney General may, in his discretion, suspend any registration simultaneously with the institution of proceedings under this section, in cases where he finds that there is an imminent danger to the public health or safety.  A failure to comply with a standard referred to in section 823(h) of this title may be treated under this subsection as grounds for immediate suspension of a registration granted under such section. A suspension under this subsection shall continue in effect until the conclusion of such proceedings, including judicial review thereof, unless sooner withdrawn by the Attorney General or dissolved by a court of competent jurisdiction.
>
> (2) In this subsection, the phrase "imminent danger to the public health or safety" means that, due to the failure of the registrant to maintain effective controls against diversion or otherwise comply with the obligations of a registrant under this subchapter or subchapter II, there is a substantial likelihood of an immediate threat that death, serious bodily harm, or abuse of a controlled substance will occur in the absence of an immediate suspension of the registration.

21 U.S.C. § 824(d).

7

23.     The governing DEA regulation specifies that the DEA Administrator must serve the ISO with an OSC and must set forth the Administrator's findings regarding imminent danger to the public health or safety by the registrant's continued registration:

> The Administrator may suspend any registration simultaneously with or at any time subsequent to the service upon the registrant of an order to show cause why such registration should not be revoked or suspended, in any case where he/she finds that there is an imminent danger to the public health or safety. If the Administrator so suspends, he/she shall serve with the order to show cause pursuant to § 1301.37 an order of immediate suspension which shall contain a statement of his findings regarding the danger to public health or safety.

21 C.F.R. § 1301.36(e).

24.     The CSA and DEA's regulations permit DEA to seize the registrant's COR, controlled substance inventory, and controlled substance order forms upon execution of the ISO.  21 U.S.C. § 824(d); 21 C.F.R. § 1301.36(f).

25.     The DEA regulation further provides that the suspension will "continue in effect until the conclusion of all proceedings upon the revocation or suspension, including any judicial review thereof, unless sooner withdrawn by the Administrator or dissolved by a court of competent jurisdiction."  21 C.F.R. § 1301.36(h).

26.     Finally, DEA's regulation states that a registrant whose COR has been suspended may request a hearing earlier than the date set forth in the OSC:

> Any registrant whose registration is suspended under [21 C.F.R. § 1301.36(e)] may request a hearing on the revocation or suspension of his/her registration at a time earlier than specified in the order to show cause pursuant to § 1301.37. This request shall be granted by the

Administrator, who shall fix a date for such hearing as early as reasonably possible.

*Id.*

## FACTUAL BACKGROUND

27.     Richie is a family-owned generic drug distributor founded in 1972 and located in Glasgow, Kentucky.  Richie is one of the oldest distributors in business today and employs thirty full-and part-time employees, whose families rely on their employment at Richie.  Richie distributes prescription drugs, including controlled substances, to independent pharmacies, hospitals, clinics, physician officers, repackagers, and small wholesalers.

28.     Richie is licensed with the state of Kentucky, and it has been registered with DEA for more than 50 years.  Until DEA's suspension, Richie maintained DEA COR No. RR0355683 as a registered distributor of controlled substances.

29.     On January 30, 2026, the DEA Administrator, acting under the authority delegated by the Attorney General, signed an OSC and ISO against Richie's COR, alleging that Richie had failed to maintain effective controls against diversion.  In support thereof, DEA alleged the following:

    a.     On or around October 8, 2025, Richie fell victim to an elaborate "phishing" scheme in which an imposter posing as a DEA special agent who claimed to be setting up a "sting" operation stole 60,000 pills of oxycodone, a Schedule II controlled substance, from Richie.

9

b.    DEA noted that Richie "failed to timely notify the DEA" of the theft.  However, Richie notified the DEA field office in Louisville, Kentucky, of the suspected theft on October 9, 2025 via phone call, reporting the theft to local police on October 10, 2025 at the direction of DEA, and reporting the theft in writing to DEA on October 14, 2025.

c.    Between October 2023 and February 2024, Richie distributed controlled substances to a purported customer, which was actually DEA personnel posing as a customer, for which it allegedly failed to perform appropriate "due diligence" and for whom it failed to report purportedly "suspicious" orders.

d.    Between October 2020 and May 2022, Richie filled controlled substance orders to a customer with an invalid state license, but with a valid DEA registration.

30.    The OSC and ISO then summarily stated:

> Due to [Richie's] manifest failure to maintain effective controls against the diversion of controlled substances – including distributing to a non-registrant and an unlicensed person, as well as allowing thousands of pills of oxycodone to be stolen from [Richie's] premises – [Richie's] continued operation poses an "imminent danger to the public health or safety" within the meaning of 21 U.S.C. § 824(d).

31.    The OSC and ISO then recited DEA's "preliminary finding" that Richie's continued registration is inconsistent with the public interest, stating—without further analysis—that:

> It is the Agency's preliminary finding that [Richie] maintained inadequate controls to prevent theft and diversion, resulting in the theft of tens of thousands of oxycodone tablets, the distribution of controlled substances to an unlicensed medical professional, and distribution of controlled substances to an undercover without

verifying the legitimacy of the orders with the registrant. [Richie's] conduct constituted a violation of state and federal law. It is also the Agency's preliminary finding, based on the facts and circumstances described above, that [Richie's] continued registration during the pendency of these proceedings would constitute "an imminent danger to the public health or safety" because of the substantial likelihood of an imminent threat that death, serious bodily harm, or abuse of controlled substances will occur in the absence of this suspension.

32.    The ISO suspended Richie's COR "effective immediately," and authorized DEA agents and investigators to seize Richie's controlled substance inventory and directed them to seize Richie's COR and any unused order forms.

33.    At no point in the OSC and ISO did DEA:

a.    Demonstrate or support its finding that allowing Richie to maintain its COR created a "substantial likelihood of an immediate threat that death, serious bodily harm, or abuse of a controlled substance will occur in the absence of an immediate suspension" of Richie's COR; or

b.    Consider evidence contradicting DEA's position that there was a substantial likelihood of an immediate threat of death, serious bodily harm, or abuse, including corrective actions that Richie has undertaken to (1) strengthen its suspicious order monitoring system and customer due diligence, (2) enhance its computer security, and (3) relieve the current CEO of any controlled substance regulatory or compliance responsibilities that include decisions related to the distribution of controlled substances.

34.    On February 10, 2026, DEA investigators and agents served the OSC and ISO on Richie and seized all of Richie's controlled substance inventory and Richie's COR. The OSC set a hearing date of March 17, 2026, "or on such a

11

subsequent date designated by the [ALJ]," pending Richie's filing of a request for a hearing and answer to the OSC.

35.     On February 25, 2026, Richie filed a request for a hearing and an answer with DEA's Office of Administrative Law Judges, requesting that its hearing "be scheduled as soon as practically possible" given the "significant harm" to Richie caused by the ISO.

36.     On February 26, 2026, DEA's Office of Administrative Law Judges sent a letter to counsel for Richie and the DEA noting that DEA was "working diligently to assign this matter" to an ALJ and that the parties would be "notified as soon as an [ALJ] is assigned and prehearing proceedings begin/resume."

37.     Almost fifty days after execution of the ISO, DEA has yet to assign an ALJ to hear Richie's case, and no hearing date has been set.

38.     In the meantime, Richie has faced irreparable harm to its business, including the loss of customers, sales, and revenue that it will never recover, and company goodwill.  In response to DEA's ISO, state agencies where Richie maintains distributor licenses have also taken action against those state licenses, further restricting Richie's ability to sell non-controlled substances.

### COUNT I
### Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2))

39.     Richie repeats and realleges Paragraphs 1 through 38 as if fully set forth herein.

40.     The APA prohibits government agencies, including DEA, from acting in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. § 706(2)(A). DEA's ISO is made reviewable by statute and subject to immediate judicial review. *See* 21 U.S.C. § 824(d)(1).

41. Richie is adversely aggrieved by the ISO.

42. Defendants' actions in issuing the ISO were arbitrary and capricious. Defendants failed to provide adequate justification for the ISO and failed to consider important aspects of the alleged problem.

43. Accordingly, the ISO is arbitrary, capricious, and otherwise not in accordance with the law, in violation of the APA. *See* 5 U.S.C. § 706(2)(A).

## COUNT II
### Violation of Due Process (5 U.S.C. § 706(2); U.S. Const. amend. V)

44. Richie repeats and realleges Paragraphs 1 through 43 as if fully set forth herein.

45. The APA prohibits government agencies, including Defendants, from acting in a manner that is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B). DEA's ISO is made reviewable by statute and subject to immediate judicial review. *See* 21 U.S.C. § 824(d)(1).

46. Defendants' actions in issuing the ISO, suspending Richie's COR, and seizing Richie's controlled substance inventory and COR without affording Richie with a prompt post-suspension hearing has violated and continues to violate Richie's Fifth Amendment due process right.

## REQUEST FOR RELIEF

Wherefore, Richie respectfully requests that this Court enter judgement in its favor and against Defendants as follows:

13

A.      **DECLARE** DEA's ISO unlawful and dissolve the ISO;

B.      **ENJOIN** Defendants from enforcing the ISO;

C.      **ORDER** Defendants to immediately return Richie's COR and controlled substance inventory;

D.      **AWARD** Richie its costs and attorneys' fees; and

E.      **AWARD** Richie such other relief as the Court may deem just and proper.


Dated: March 31, 2026                    Respectfully submitted,


                                         */s/ Andrew J. Hull*
                                         Andrew J. Hull (D.C. Bar No. 1022649)
                                         HYMAN, PHELPS & MCNAMARA, P.C.
                                         1101 K Street NW, Ste. 700
                                         Washington, D.C.  20005
                                         Tel.: (202) 737-9630
                                         Fax: (202) 737-9329
                                         Email: ahull@hpm.com

                                         *Counsel for Richie Enterprises LLC*